[No. 13730. In Bank.—February 7, 1891.]

GEORGE R. SHATTO, RESPONDENT, v. H. A. CROCKER, APPELLANT.

MALICIOUS PROSECUTION — DAMAGES — INJURY TO FEELINGS — PLEADING — EVIDENCE. — In an action for damages for malicious prosecution of a criminal action, injury to the plaintiff's feelings, caused by the arrest, may be proved under the general allegation of damages, and need not be specially pleaded.

ID. — EVIDENCE — PROCEEDINGS IN CRIMINAL ACTION — INSUFFICIENT OBJECTION. — An objection to the introduction of certified copies of all the proceedings in the criminal action, the papers being attached to-

gether and objected to as a whole, is properly overruled where part of
the evidence offered is clearly admissible, and no specification is made as
to the particular papers objected to.

ID. — COPY OF JUSTICE'S DOCKET. — A certified copy of the entries in a jus-
tice's docket is *prima facie* evidence of the facts stated, and is admissi-
ble for plaintiff in an action for malicious prosecution of a criminal
proceeding before the justice.

APPEAL from a judgment of the Superior Court of
Los Angeles County, and from an order denying a new
trial.

The facts are stated in the opinion of the court.

*J. M. Damron,* for Appellant.

*Anderson, Fitzgerald & Anderson,* for Respondent.

PATERSON, J. — This is an action for damages oc-
casioned by the malicious prosecution of a criminal ac-
tion against the plaintiff before a justice of the peace of
Los Angeles County.

The findings of the court were in favor of the plain-
tiff, and judgment was entered against the defendant for
the sum of four hundred dollars and costs.

Appellant claims that the court erred in permitting
the plaintiff to testify to the injury to his feelings, caused
by the arrest, the only special damages alleged being
twenty-five dollars paid an attorney for the defense of
the respondent in a criminal action, and fifty dollars
loss on account of detention from business for two days.

We think that the evidence was properly allowed un-
der the general allegation as to damages. Bodily pain
and suffering come under the head of general damages,
because they result naturally and directly from bodily
harm, and injuries to the feelings flow as naturally and
as directly from treatment like that complained of herein.
(1 Sutherland on Damages, secs. 763–766.)

Appellant contends, also, that the court erred in over-
ruling his objection to the introduction in evidence of

copies of the complaint, warrant of arrest, proceedings, and docket entries in the criminal action tried before the justice of the peace certified by the latter.

The papers were attached together, and were objected to as a whole. They included a certified copy of the entries in the docket. Such copy is made *prima facie* evidence of the facts stated by the provisions of section 912 of the Code of Civil Procedure. As some of the evidence offered as a whole was admissible, and as appellant failed to specify any particular portion to which he addressed his objection, there was no error in the ruling of the court. (*Board of Education* v. *Keenan*, 55 Cal. 647.) Furthermore, it appears from the defendant's own evidence that he prosecuted the case referred to, and that the plaintiff was acquitted.

Judgment and order affirmed.

HARRISON, J., and GAROUTTE, J., concurred.