HELMICKS, Respondent, vs. STEVLINGSON, Appellant.

*September 14—October 10, 1933.*

For the appellant there was a brief by *Gilbert, Ela, Heilman & Raeder* of Madison, and oral argument by *Oscar Christianson* and *G. Burgess Ela.*

For the respondent there was a brief by *Hall, Baker & Hall,* and oral argument by *Paul Griffith,* all of Madison.

FRITZ, J. Appellant, in demurring to the complaint on the ground that it did not state sufficient facts to constitute a cause of action, relies, among other contentions, upon the

proposition that the statement complained of is not libelous as to plaintiff because, as there is no reference made therein to an ascertained or ascertainable person, it does not sufficiently identify the plaintiff. In support of that contention defendant relies upon the rule that—

"In every action for defamation, two things are necessary:

"(1) A defamation apparent from the words themselves, for no innuendo can alter the sense.

"(2) Certainty as to the person who is defamed, for no innuendo can render certain that which is uncertain." Newell, "Slander and Libel" (4th ed.) § 200.

In applying that rule this court has said:

"It is well settled that defamatory words must refer to some ascertained or ascertainable person and that person must be the particular plaintiff. Statements are not libelous unless they refer to some ascertained or ascertainable person." *Schoenfeld v. Journal Co.* 204 Wis. 132, 136, 235 N. W. 442; *Williams v. Journal Co.* 211 Wis. 362, 247 N. W. 435, 439.

In the case at bar the words complained of as published on November 1, 1932, were, "Bank loaned to death by former cashier." Plaintiff alleges that defendant thereby intended "to charge that the Bank of Deerfield had been closed to its death by virtue of the acts of plaintiff, he being the only and former cashier of the Bank of Deerfield since its consolidation;" and, in that connection, plaintiff also alleges "that thereafter the said defendant admitted to the said plaintiff that the said words had been by him uttered and that it was the said plaintiff that he, the said defendant, intended to refer to by virtue thereof." However, it also appears from allegations in plaintiff's complaint that the Bank of Deerfield was in existence since 1905; that it was only from October, 1930, when another bank was consolidated with the Bank of Deerfield and the business was continued under the latter name, until that bank closed in

January, 1932, that plaintiff was cashier of that bank; and also that in January, 1932, the defendant was employed by that bank and has been cashier thereof.

Manifestly, in view of all of the facts alleged as stated above, the words "former cashier" are applicable to other persons than solely the plaintiff. As far as anything which is stated in the published words is concerned, the words "former cashier" are as applicable to each and every other person, who functioned as cashier of the Bank of Deerfield at any time since it came into existence in 1905, as they are to the plaintiff, who was its cashier for only fifteen months of that period of twenty-seven years. The fact that plaintiff may have been, as is alleged in his complaint, the only and former cashier of that bank since its consolidation does not confine the application of the published words to him. There is nothing in the words as published that limits their meaning to loans made since the consolidation of the bank, or by its cashier since its consolidation. Neither can the omission of the published words to refer to the plaintiff with the particularity necessary, as a matter of law, to render them libelous as to plaintiff, be supplied by the existence of any unpublished intention on defendant's part to have the words considered applicable to the plaintiff. Consequently, defendant's admission solely to plaintiff that defendant intended by the published words to refer to plaintiff does not constitute a publication to some third party, which must occur before actionable injury to reputation results. As is said in Newell, Slander and Libel (4th ed.) p. 219: "There is no publication when the words are only communicated to the person defamed, for that cannot injure his reputation."

It follows that defendant's demurrer should have been sustained.

*By the Court.*—Order reversed, with directions to enter an order sustaining defendant's demurrer to the complaint.

FOWLER, J. (*dissenting*). The opinion of the court, as far as it goes, correctly states the allegations of the complaint. But the complaint also alleges that the plaintiff was cashier of the bank at the time it closed; that by the statement complained of the defendant intended to designate the plaintiff; and that many persons have been led to believe by the publication that the plaintiff was the cause of the closing of the bank. I think that these averments, giving them reasonable construction and intendment, allege that by the publication the defendant intended to charge that the plaintiff was the cause of the closing of the bank, and that the words were understood by those who read them to refer to the plaintiff and to mean that he was the cause of the bank's closing. I am of opinion that this is a sufficient identification of the plaintiff as the person referred to and understood to be referred to by the use of the words charged.

Appellant also claims that the complaint is insufficient because the words published are not libelous *per se* and special damages are not alleged. It is perhaps a close question whether the words are libelous *per se*. If they are not, no special damages being alleged, they are not actionable. However, this court has held that words are actionable *per se* which "imply or may be generally understood to imply reproach, dishonesty, scandal, or ridicule" (*Bradley v. Cramer*, 59 Wis. 309, 18 N. W. 268) ; and if they are "calculated to subject a person to public hatred, degradation, ridicule, or contempt" (*Leuch v. Berger*, 161 Wis. 564, 155 N. W. 148). The words may not be said to imply "dishonesty," but do they not imply "reproach, scandal, and ridicule" within the definition of the *Cramer Case, supra;* and may it not be said that they "are calculated to subject" the plaintiff "to public hatred, degradation, ridicule, or contempt" within the language of the *Leuch Case, supra*. It is my opinion that in view of the definitions quoted above the words

charged are libelous *per se,* and I understand that the majority of the court so view them. This point should be expressly covered. Else we are likely to have the case up here again on demurrer to an amended complaint on the ground that the words are not so libelous. In my view, the order of the circuit court should be affirmed.

I am authorized to state that Mr. Justice OWEN and Mr. Justice WICKHEM concur in this dissent.