[Civ. No. 9921. First Appellate District, Division Two.—January 27, 1936.]

SANTO BETTOLO, Respondent, v. SAFEWAY STORES, INC. (a Corporation), et al., Appellants.

Milton L. Selby and Drummond Wilde for Appellants.

J. W. Coleberd and H. W. Call for Respondent.

NOURSE, P. J.—Plaintiff sued for damages for false imprisonment and had a verdict for $1500 against all the defendants. Since there was no evidence even remotely connecting the defendant Morelli with the incident, the trial court granted him a new trial. The other defendants have appealed from the judgment on the verdict.

Plaintiff entered a store operated by the corporation in South San Francisco, gathered some groceries from the shelves, which he put in a carrying bag, and some candy, which he placed in his overcoat pocket. He then went to the checking stand where he exhibited the groceries and paid for them. Two employees had seen him take the candy, and when defendant Johnson learned that it had not been paid for, he followed the plaintiff to the sidewalk and forced him to return to the store. There he was searched, but no candy was found; but it was discovered later among some vegetables at a counter where plaintiff had stood just ' ' leaving the store. Plaintiff was detained about to minutes and then permitted to leave. No physi violence or injury is charged; the claim for damages rests only upon the detention in the store. These facts all stand uncontradicted. Plaintiff did not deny that he had taken the candy, nor that he had been warned to stay away from the store because he had been seen taking groceries on another occasion.

The appellants have advanced five separate grounds for reversal, but, for the sake of brevity, we will limit our consideration to these two: the denial to them of the right to defend on the ground of probable cause, and the excessive damages.

The trial court instructed the jury that it should disregard any evidence tending to prove probable cause, and that such defense was not applicable in actions for false imprisonment where exemplary damages were not asked. The instruction was error and palpably prejudicial. Any person may make an arrest for a misdemeanor committed in his presence. (Sec. 837, Pen. Code.) The owner of property may, for the purpose of protecting it, restrain, for a reasonable time and for the purpose of investigation, one whom he

has reasonable and probable cause for believing has interfered with or stolen it. (*Collyer* v. *S. H. Kress & Co.*, 5 Cal. (2d) 175 [54 Pac. (2d) 20]; *Mackie* v. *Ambassador Hotel etc. Corp.*, 123 Cal. App. 215, 221 [11 Pac. (2d) 3]; *Gisske* v. *Sanders*, 9 Cal. App. 13, 15 [98 Pac. 43]; *Allen* v. *McCoy*, 135 Cal. App. 500, 506 [27 Pac. (2d) 423, 28 Pac. (2d) 56]; *Michel* v. *Smith*, 188 Cal. 199, 205 [205 Pac. 113]; *Van Fleet* v. *West American Ins. Co.*, 5 Cal. App. (2d) 125 [42 Pac. (2d) 378, 43 Pac. (2d) 557]; *Jacques* v. *Childs Dining Hall Co.*, 244 Mass. 438 [138 N. E. 843, 26 A. L. R. 1329].)

In the Collyer case, which was also one in which exemplary damages were not asked, the Supreme Court, referring to the issue of probable cause as a defense, said, "Ordinarily, the owner of property, in the exercise of his inherent right to protect the same, is justified in restraining another who seeks to interfere with or injure it. (11 R. C. L. 805.)" And again, "However, those authorities which hold, where a person has reasonable grounds to believe that another is stealing his property, as distinguished from those where the offense has been completed, that he is justified in detaining the suspect for a reasonable length of time for the purpose of investigation in a reasonable manner (*Jacques* v. *Childs Dining Hall Co.*, 244 Mass. 438 [138 N. E. 843, 26 A. L. R. 1329]; *Fenn* v. *Kroger Grocery & Co.*, (Mo.) 209 S. W. ; *Sweeney* v. *F. W. W. Co.*, 247 Mass. 277 [142 N. E. 50, 31 A. L. R. 311. , Cor. Jur. 471) must necessarily proceed upon the theory that probable cause is a defense. And this is the law because the right to protect one's property from injury has intervened."

The undisputed evidence shows reasonable and probable cause for the detention. Johnson had seen the respondent pick up the candy and conceal it in his pocket. This was verified by another employee in the store. There has been no denial from the respondent. He was detained less than fifteen minutes, which was not shown to have been an unreasonable time for the investigation.

The excessive verdict cannot be defended. Respondent proved no actual damage of any character. He was unemployed at the time, and had worked but ten days over a period of nine months. After the arrest he had had reasonably steady employment. The only persons who knew of the detention, aside from the appellan were respondents'

friends to whom he gave the information. None of them thought he had committed an offense, and none caused him any loss of employment or other injury. The verdict of $1500 was purely a sympathy verdict inspired by prejudice and unsupported by any competent evidence of damage. The respondent rested his demand for compensation on section 3333 of the Civil Code, which fixes the measure of damages in cases of this kind as "the amount which will compensate for all the detriment proximately caused thereby". He did not ask for exemplary or punitive damages, and could not have recovered such under the evidence. If he was entitled to any damages at all, he could have had nothing more than nominal damages within the provisions of section 3360 of the Civil Code. (*Maher* v. *Wilson*, 139 Cal. 514, 520 [73 Pac. 418].)

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.