304 P.2d 572

Charley O. WHITE and Sally White, his
wife, Plaintiffs-Appellees,

v.

Harold MORRISON, Defendant-Appellant.

No. 6064.

Supreme Court of New Mexico.

Sept. 10, 1956.

Rehearings Denied Nov. 28 and
Dec. 17, 1956.

Grantham, Spann & Sanchez, Albuquerque, for appellant.

Robert Hoath LaFollette, John F. Baggerly, Albuquerque, for appellees.

COMPTON, Chief Justice.

Appellant, defendant below, appeals from a judgment awarding damages for slander. The complaint charges that appellant publicly, falsely and maliciously accused Charley O. White and Sally White of the commission of a criminal offense. The answer denies all material matters. As an affirmative defense, appellant alleges that he was an employee of the New Mexico State Racing Commission and that any statement made by him was incident to his investigation of an alleged theft, made without malice and was privileged. The issues were tried to the court at the conclusion of which the cause was dismissed as to Charley O. White. After finding actual damages, the court awarded punitive damages to appellee, Sally White, in amount of $500.

Appellee is the owner of several race horses and from June 19, 1954 to July 13, 1954, she entered them in the races at Raton. At one of the races a jockey lost his bat (whip). A young boy reported that he had seen a woman, identified as appellee, put the whip in her slacks. Appellant was employed by the Commission as a steward and by the use of a loud speaker, on two occasions, he called for the woman, without using her name, to bring the whip to his office. The whip was not delivered to him and nothing further happened until September 1954, when appellee took her horses to Albuquerque to enter them in the races there. Upon being advised that the Whites were present, appellant first invited her husband, Charley O. White, into his office and there in the presence of several people, appellant told him to return the bat (whip) that his wife had stolen in Raton. White denied any knowledge of the bat and at the direction of appellant, appellee was brought to the office. She asked appellant if he wanted to see her, and in the presence of a like group of people, he replied, "I want you to bring back the bat you stole."

The authority of the State Racing Commission is defined as follows:

"* * * It is empowered to exclude, or compel the exclusion, from any and all race courses, any person whom the commission shall deem detrimental to the best interests of racing or any person who shall wilfully violate the racing laws or any rule, regulation or order of the commission or any law of the United States or of this state; * * * it shall have investigatory powers and authority to place attendants and such other persons as may be deemed necessary in the offices, on the tracks or in places of business of any licensee for the purpose of satisfying itself that the rules and regulations are strictly complied with. * * * The commission shall have power to summons witnesses and to administer oaths for the effectual discharge of the commission's duties." § 60–6–2, 1953 Comp.

"The state racing commission shall adopt reasonable rules and regulations in writing to the end that all horse races shall be conducted with fairness and that the participants therein and the patrons thereof shall be protected against all wrongful, unlawful or unfair conduct and practices of any and every kind on the grounds where such races are held. * * *

"The state racing commission may appoint a representative or representatives to be personally present at such races to oversee the same and to require strict observance of such rules and to avoid violations thereof and to protect against the want of integrity on the part of the licensee or his representatives in conducting the same." § 60–6–7, 1953 Comp.

The main question is whether appellant's statements were privileged. Appellant contends that acting in the capacity of a steward of the commission, he was investigating an alleged violation of law; that any statement made by him was incidental to his investigatory powers and therefore privileged. Granted that the statute vests such authority in stewards, we will not again pass on the question. Whether the statement was privileged was a question for the trier of the facts and it was resolved against appellant's contention. We think the conclusion was warranted. Appellant simply failed to sustain the burden of his affirmative defense.

It is claimed that error was committed in awarding punitive damages where there was no finding of express malice. This claim of error must be rejected. The court concluded as a fact that appellant falsely and maliciously accused appellee of having committed a criminal offense. Its denomination as a conclusion of law,

is unimportant. If a fair construction of the finding will justify the judgment, it is sufficient notwithstanding the inter-mixture of matters of fact and conclusions of law. Jones v. Friedman, 57 N.M. 361, 258 P.2d 1131; Pankey v. Hot Springs National Bank, 46 N.M. 10, 119 P.2d 636; Heisel v. York, 46 N.M. 210, 125 P.2d 717. The finding has support in the evidence. Appellee insisted she be accorded a hearing on the charge, which was denied. Her request that appellant publicly retract the statement also was ignored. She was never afforded a hearing. These facts are sufficient to justify an inference of malice.

■ It is argued that the slanderous statement was never published. We do not agree. As previously stated, various persons, most of whom were employees of the Commission, were in the office; however, within hearing distance, in an adjoining room, there were people not employed by the Commission. Some of these came to Charley O. White, her husband, immediately after the incident, making inquiry about the charge. Rumors of her having stolen the whip soon spread "all over the track." As she walked the grounds, jockeys and others remarked, "there goes that Sally White that stole the bat."

■ It is asserted that appellee's testimony given at the trial was discredited; hence, there was a total failure of proof of competent evidence. On cross-examination, appellee was questioned concerning statements made by her in a deposition given some time previously, wherein she testified:

"Then I got in the car and went straight out there as I could go. I went to the office and when I went in I said, 'Do you want to see me?' Mr. Morrison said, 'Yes.' I said, 'What for?' He said, 'I want you to bring back the bat you stole.' I said, 'Mr. Morrison, I never stole a bat. Who accused me of stealing a bat?' He said, 'Well, it was a pretty prominent two parties at Raton.' I said, 'Who was they?' He said, 'Well, you will know in time who they are.' I said, 'Where was I supposed to have stole the bat?' He said, 'You weren't supposed to have stole it; someone was supposed to have picked it up and gave it to you. What you were supposed to have done with the bat was, you were supposed to have put it in your slacks.'"

We find in one jurisdiction the rule that if a plaintiff testifies in his own behalf and there are material conflicts in his testimony, he cannot recover unless that portion less favorable to him is of such a character as to authorize a recovery in his behalf. Atlanta R. & Power Co. v. Owens,

119 Ga. 833, 47 S.E. 213. Compare Wilson v. Blair, 65 Mont. 155, 211 P. 289, 27 A.L.R. 1235. But whatever may be the correct rule, we fail to see any material conflict or contradiction in her testimony. In any event, that part of the statement charging appellee of stealing the whip, was published. It is obvious when she made a denial, appellant sought to tone down his statement, but that did not destroy its effect.

The judgment will be affirmed, and it is so ordered.

LUJAN, SADLER, McGHEE and KIKER, JJ., concur.

On Rehearing

COMPTON, Chief Justice.

Appellant has moved for a rehearing but we find it without merit. Assuming for the purpose of our opinion that a qualified privilege exists in Racing Stewards while pursuing investigations of law violations at the track, whether what was said at the time and place in question was made in the exercise of that privilege, was a question for the trier of the facts which found it was not. With this conclusion we agree.

The motion will be denied and It Is So Ordered.

LUJAN, SADLER, McGHEE and KIKER, JJ., concur.