401 P.2d 104

Dorcis STIENBAUGH and Jean Roberts,
Plaintiffs-Appellees,

v.

PAYLESS DRUG STORE, INC., a corpora-
tion, and Donald Rice, Defend-
ants-Appellants.

No. 7502.

Supreme Court of New Mexico.

March 29, 1965.

Rehearing Denied May 4, 1965.

COMPTON, Justice.

This is an action for false imprisonment and defamation by slander growing out of the detention and search of the plaintiffs on the premises of the defendant, Payless Drug Store, Inc., by police officers acting upon information furnished by the store's assistant manager, also a defendant, that the plaintiffs were suspected of shoplifting. The cause was tried to the court which entered judgment in favor of the plaintiffs and awarded them damages of $1,000.00 each. From this judgment, the defendants appeal.

The appellants' contentions are (a) that the trial court erred in finding that the seizure, detention and search of the appellees was effected, authorized and directed by them, and in concluding as a matter of law that they committed the torts of false imprisonment and defamation by slander against the appellees, (b) that the court erred in refusing to find and conclude that they had reasonable cause to believe the appellees were unlawfully taking goods held for sale by Payless Drug Store, Inc., and (c) that the acts of the appellants were privileged under the provisions of the so-called "shoplifting" statute, §§ 40–45–24 to 40–45–27, inclusive, N.M.S.A., 1953 Comp., since repealed. The applicable sections read:

"40–45–26. An owner, operator, manager or employee of a place of business where goods are offered for sale ness where goods are offered for sale.

Keleher & McLeod, Russell Moore, Michael L. Keleher, Albuquerque, for appellants.

Wycliffe V. Butler, Albuquerque, for appellees.

may detain a person in a reasonable manner for a reasonable time, and in no event in excess of one (1) hour, for the purpose of attempting to recover goods believed to have been unlawfully taken by a person or for the purpose of delivering the person unto the custody of a peace officer or for both such purposes if the owner, operator, manager or employee has reasonable cause for believing that the person detained has unlawfully taken goods held for sale by the place of business."

"40–45–27. A peace officer may arrest without a warrant a person whom he has reasonable ground to believe has committed the crime of shoplifting or larceny of goods held for sale if such arrest is made on the premises where the crime is believed to have been committed or if such arrest is made outside such premises by an officer who has pursued the person therefrom. A declaration made to a peace officer by the owner, operator, manager or employee of any place of business where goods are offered for sale shall constitute a reasonable ground for such arrest."

The authority of the police officers in this case, under § 40–45–27 above, to seize, detain and search the appellees as a result of declarations to them by the appellants that they suspected the appellees of shoplifting, is not questioned. The real basis of the action is that the appellants wrongfully instigated and directed the seizure, detention and search of the appellees, and by so doing became actual participants in the wrongful acts. It appears the case was tried on this theory.

The crucial question here is whether the appellants had reasonable cause for believing the appellees were unlawfully taking goods held for sale. As will be noted in the cases hereinafter cited, with or without the aid of legislation, reasonable cause is a pivotal question in this class of cases. See Vickrey v. Dunivan, 59 N.M. 90, 279 P.2d 853. The issue of reasonable cause was raised by the pleadings and covered by the evidence. The trial court, however, in addition to refusing the appellants' requested finding that there was reasonable cause, made no specific finding of its own on this issue. In this situation, a failure to make a specific finding of fact is regarded as a finding against the party having the burden of establishing such fact. Hoskins v. Albuquerque Bus Company, 72 N.M. 217, 382 P.2d 700; Griego v. Hogan, 71 N.M. 280, 377 P.2d 953. We must assume, therefore, that the court in concluding that the appellants committed the tort of false imprisonment, found that they effected, authorized and directed the seizure, detention and search of the appellees without reasonable cause therefor.

We summarize the evidence relating to reasonable cause. An employee of the ap-

pellants, a clerk, testified that he saw the appellees together in the self-service store; that he saw one of them take a box of merchandise from a shelf, remove the sticker price tag therefrom and put the box in her purse; that, thereafter, when she opened her purse to get a cigarette, which he lit for her, he saw the box in her purse. It is undisputed that he reported these facts to the appellant manager who believed him. After receiving the employee's report and observing the demeanor of the appellees for a short time, the manager called the police. Upon their arrival, while the appellees were still shopping, the manager pointed them out to the police as being suspected of shoplifting and requested the police to detain and search them after they had checked out their purchases in order to ascertain whether they had taken anything from the store. The appellees, on the other hand, while admitting that one of them had removed the particular box of merchandise from the shelf, examined it and discussed it with the other appellee, testified that it was replaced on the shelf, and denied that either of them at any time had placed it in her purse. There is evidence that after the release of the appellees, the box in question, with the sticker price tag missing, was found some 15 feet away from its accustomed place.

The denial of the appellees placed the evidence as to probable or reasonable cause in conflict. Had there been no denial, or if the merchandise had been found in a purse, no conflict would have existed and the court would have been warranted in finding, as a matter of law, that probable or reasonable cause existed for their detention.

A similar case is Bettolo v. Safeway Stores, 11 Cal.App.2d 430, 54 P.2d 24, wherein a customer was seen by two employees to put a package of candy in his pocket while shopping in the defendant's store. After paying for his purchases and leaving the store he was detained and searched by an employee. The candy was not in his possession but was later found on a counter in the store near where he had stood before leaving. The customer, however, did *not* deny that he had put the candy in his pocket. In the action for false imprisonment the court held that the undisputed evidence showed reasonable cause for the detention. In Rothstein v. Jackson's of Coral Gables, Inc., Fla.App.1961, 133 So.2d 331, relied upon by both parties here, a customer was observed placing an article of merchandise around her waist and leaving the rack where it belonged. She was detained in the store by an employee and the article was in her possession. In an action by her for false imprisonment the court concluded as a matter of law there was probable cause for believing the goods were being unlawfully taken.

Whether the question of reasonable cause for detention is one of law for

the court, as in Collyer v. S. H. Kress & Co., 5 Cal.2d 175, 54 P.2d 20 and Bettolo v. Safeway Stores, supra, or whether it is only a question of law when the facts are undisputed, as in Kraft v. Montgomery Ward & Co., 220 Or. 230, 315 P.2d 558, 348 P.2d 239, 92 A.L.R.2d 1; Parrish v. Herron, 240 Mo.App. 1156, 225 S.W.2d 391, and Kroger Grocery & Baking Co. v. Waller, 208 Ark. 1063, 189 S.W.2d 361, the reasoning generally is that applied in the case of Lukas v. J. C. Penney Company, 233 Or. 345, 378 P.2d 717. In the latter case it is set forth that if the question of reasonable or probable cause for the detention of a customer is undisputed, it is one of law for the court, but if the evidence is conflicting, it is a mixed question of law and fact, citing 22 Am.Jur., False Imprisonment, § 118, p. 429 and 35 C.J.S. False Imprisonment § 59, p. 761. See also Gibson v. J. C. Penney Company, 165. Cal.App.2d 640, 331 P.2d 1057. In other words, it is for the trier of the facts to determine which of the conflicting stories is true. Applying these principles to the instant case, we can only conclude that the trial court, after weighing the evidence and determining the credibility of the witnesses, resolved the conflict in the testimony in favor of the appellees and found no reasonable cause for their detention. And viewing the evidence in its most favorable light, as we must, we find ample support for the court's finding. Jackson v. Goad, 73 N.M. 19, 385 P.2d 279; Fitzgerald v. Fitzgerald, 70 N.M. 11, 369 P.2d 398.

 With respect to the judgment for defamation by slander, the court found that the defendants made defamatory statements in accusing the appellees of shoplifting, that the defamatory statements were communicated to third persons, and that they were false and injured the good character and reputation of the appellees. There is ample support for this finding. Contrary to the contention of the appellants that the statements made by them were in aid of law enforcement and privileged, the evidence is undisputed that the appellants' clerk stated directly to the appellees while they were detained in the store and in the presence of both employees and *patrons* of the store that he had seen one of them put the box of merchandise in her purse. Being susceptible of but one meaning, and that an opprobrious and defamatory one, the statement was actionable per se. Dillard v. Shattuck, 36 N.M. 202, 11 P.2d 543. But assuming there had existed a privilege in pursuing the investigation, whether the statement by the employee was made in the exercise of that privilege, was a question for the trier of the facts. White v. Morrison, 62 N.M. 47, 304 P.2d 572.

The judgment should be affirmed, and it is so ordered.

CHAVEZ, J., concurs.

CARMODY, Chief Justice.

I concur in the opinion as to appellee Stienbaugh and concur in the result only as to appellee Roberts.

NOBLE, J., concurring in part and dissenting in part.

NOBLE, Justice (concurring in part and dissenting in part).

Although I concur in the result insofar as it affects appellee Dorcis Stienbaugh, I dissent from the affirmance of the judgment as to appellee Jean Roberts.

I am particularly troubled by Mr. Justice Compton's treatment of the issue of reasonable cause. Under § 40–45–26, N.M.S.A. 1953, the person who effects the detention of the suspect must have reasonable cause to believe that a theft was being committed. That the appellees denied removing the price tag and placing an article of merchandise in a purse would certainly place in conflict the evidence as to whether the clerk had reasonable cause to believe that a theft had occurred. But here, the detention was caused by the manager rather than by the clerk, so we must determine whether the manager had reasonable cause. Appellee's denial does not place that issue in a conflict to be determined by the fact-finder.

In this instance, the manager did not himself see what had occurred but relied upon a statement as to what the clerk had seen. In such a case, the only question of fact is what information was related to the manager by the clerk, not whether the clerk actually saw what he told the manager. Miller v. Lee, 66 Cal.App.2d 778, 153 P.2d 190. It is undisputed that the manager was told by the clerk that he actually saw Jean Roberts remove the price tag from an article and conceal it in her purse. Whether such information constituted reasonable cause to believe that Jean Roberts was shoplifting is a question of law and not one of fact for the jury. Gibson v. J. C. Penney Co., 165 Cal.App.2d 640, 331 P.2d 1057; Rothstein v. Jackson's of Coral Gables, Inc., (Fla.App.) 133 So.2d 331; Aitken v. White, 93 Cal.App.2d 134, 208 P.2d 788. See 47 Northwestern U. Law Rev. 82, and note, 3 UCLA Law Rev. 269. The exigencies of the situation and sound reasoning support the conclusion that a manager has the right to rely and act upon a report given him by an employee, who is apparently sincere and credible, that he had seen a person take and conceal an article of merchandise. Grau v. Forge, 183 Ky. 521, 209 S.W. 369, 3 A.L.R. 642. See, also, J. C. Penney Co. v. Cox, 246 Miss. 1, 148 So.2d 679. In my view, the manager, as a matter of law, had reasonable cause to believe that Jean Roberts had "unlawfully taken goods held for sale by the place of business" and, therefore, the defendants are not liable to her for false imprisonment.

I agree with Mr. Justice Compton that there was no reasonable cause for believing

appellee Dorcis Stienbaugh to be guilty of a theft and that her action for false imprisonment must be sustained. The manager himself saw nothing to justify a belief that she was shoplifting, nor did the clerk report that he saw her conceal any merchandise. The mere fact that Dorcis was in the store with Jean Roberts cannot justify an inference that Dorcis was guilty of shoplifting.

Appellants contend that there is no liability in slander to appellee Dorcis Stienbaugh because the statements made to the investigating police officers at the check-out counter were in the exercise of a qualified privilege. The law has long recognized that a communication is qualifiedly privileged when made in good faith on any subject matter in which the person communicating has an interest or in reference to which he has a duty to protect to a person having a corresponding interest or duty, even though the communication contains matters which, without this privilege, would be actionable. J. C. Penney Co. v. Cox, supra; Scott-Burr Stores Corp. v. Edgar, 181 Miss. 486, 177 So. 766; Hartsfield v. Harvey C. Hines Co., 200 N.C. 356, 157 S.E. 16. Nevertheless, the better-reasoned cases hold that such a privilege cannot arise unless the person making the statement has reasonable cause to believe it to be true. J. C. Penney Co. v. Cox, supra; Baskett v. Crossfield, 190 Ky. 751, 228 S.W. 673; Louisville Times Co. v. Lyttle, 257 Ky. 132, 77 S.W.2d 432; Chag-

non v. Union-Leader Corp., 103 N.H. 426, 174 A.2d 825. See, also, Schlaf v. State Farm Mutual Ins. Co., 15 Ill.App.2d 194, 145 N.E.2d 791. As noted earlier, it is clear to me that the evidence was insufficient to show that reasonable cause existed to believe that Dorcis Stienbaugh was guilty of a theft. The communications were not privileged, and the judgment awarding her recovery for slander must, therefore, be affirmed.

However, the slander action by Jean Roberts presents an entirely different situation. As I have pointed out, in my view the manager had reasonable cause to believe that the statements made to him concerning the actions of Jean Roberts were true. Accordingly, the statements he made to the police officers are not actionable because of the protection afforded by the defense of qualified privilege. The fact that slanderous matter may have been communicated to others to whom the matter was not addressed and who were accidentally present does not destroy the qualifiedly privileged nature of the communication, so the fact that patrons of the store may have heard the manager's statement to the police officers does not destroy his privilege. Scott-Burr Stores Corp. v. Edgar, supra; Montgomery Ward & Co. v. Skinner, 200 Miss. 44, 25 So.2d 572; New York and Puerto Rico S.S. Co. v. Garcia, 1 Cir., 16 F.2d 734; Hartsfield v. Harvey C. Hines Co., supra; Kroger Grocery & Baking Co. v. Yount, 8 Cir.,

66 F.2d 700, 92 A.L.R. 1166; Walgreen Co. v. Cochran, 8 Cir., 61 F.2d 357.

Appellee Roberts seeks to support her recovery for slander by the conversation the following day between the manager and a friend of Dorcis Stienbaugh. Since the basis of recovery for slander is an injury to the reputation, proof that the person to whom the alleged slanderous statement was made understood it as relating to the plaintiff is essential to a recovery. Helmicks v. Stevlingson, 212 Wis. 614, 250 N.W. 402, 91 A.L.R. 1158, 1160; Chagnon v. Union-Leader Corp., supra; Ins. Research Service v. Associates Finance Corp., (D.C.Tenn.) 134 F.Supp. 54; Anno. 91 A.L.R. 1161; Weidman v. Ketcham, 278 N.Y. 129, 15 N.E. 2d 426; 53 C.J.S. Libel & Slander § 82, p. 133. The only evidence called to our attention respecting that conversation is that in reply to a question as to what was all this about Dorcis, the manager indicated that "they" had been guilty of shoplifting. There was, however, no evidence that the person to whom the statement was made understood that reference was made to Jean Roberts. Without proof of such fact there can, of course, be no recovery in slander.

In my view, the judgment in favor of Jean Roberts should be reversed and the judgment in favor of Dorcis Stienbaugh should be affirmed. I therefore concur in the result as to the Dorcis Stienbaugh judgment and dissent from affirmance of the judgment in favor of Jean Roberts.