195 So.2d 837 (1967)
SOUTHWEST DRUG STORES OF MISSISSIPPI, INC., et al.
v.
Mrs. W.H. GARNER.
No. 44179.
Supreme Court of Mississippi.
February 27, 1967.
*838 William S. Mullins, III, Gibbes & Graves, Laurel, for appellants.
Quitman Ross, Laurel, for appellee.
INZER, Justice.
Mrs. W.H. Garner recovered a judgment for $8,000 in the Circuit Court of the Second Judicial District of Jones County against appellants, Southwest Drug Stores and Wilroy Ratcliff, as damages for slander and unlawful detention.
Plaintiff, appellee here, is a resident of Pascagoula, but formerly lived in Jones County, where her parents and sister still reside. On November 19, 1963, while on a family visit, Mrs. Garner and her sister stopped at Southwest Drug Store in the Gardiner Shopping Center in Laurel. They went into the drug store, leaving her father, who was ill, in the car in the parking lot in front of the drug store.
*839 While Mrs. Garner was at the cosmetic counter looking at soap, Ratcliff, the store manager, approached her and asked if he could help her. She told him she wanted a bar of soap, and he said he would have one of the ladies wait on her. With the assistance of the saleslady Mrs. Garner found the soap, and with the saleslady went to the cashier and paid for it. She received a sales ticket and the soap was placed in a small paper bag.
Mrs. Garner's sister continued to shop, since she also wanted some soap. Mrs. Garner told her that she would go to the car to see about their father and would take some of the sister's packages with her. She walked out of the store, and before she reached the car Ratcliff hurried after her, calling in a loud voice to stop.
She testified that he said to her in a rude and loud manner, "Hey, wait there. * * * You stop there, I want to see what you got in that little bag. You stole a bar of soap." Mrs. Garner said further, "And I looked at him, I said, `You mean you're accusing me of stealing this soap.' I pulled the soap out. He says, `Yes, you stole the soap, and let's prove it, let's go back.'"
Mrs. Garner said a number of people were close by and heard the words, but that she did not know any of them. Ratcliff did not put a hand on her or her belongings, but he did demand that she return to the store.
When they got back in the store Mrs. Garner asked the cashier if she had bought the soap, and the cashier told her that she had paid for the soap. She told the cashier that Ratcliff was accusing her of stealing the soap. She then began to cry and was embarrassed.
Ratcliff apologized and did not ask her to remain in the store. Mrs. Garner said the incident made her sick and she had to go to the family doctor twice. Her father, whose hearing is not good, testified that he heard Ratcliff yell at his daughter to stop in the parking lot, but that he did not hear the rest of the conversation.
Ratcliff testified that he saw Mrs. Garner handling a bar of Lowilla soap at the soap counter, and saw her put a bar of soap in her bag and walk out. He asked the cashier if she had paid for a bar of Lowilla soap. The cashier told him no, and he went out after Mrs. Garner. He denied he accused her of stealing. He said she opened the bag and showed him the soap, and that when he saw it was not Lowilla soap he apologized, and that it was she who insisted on going back to the store.

I.
Appellants urge that the lower court erred in not granting a requested peremptory instruction. They argue that the proof shows a qualified privilege existed and it was not exceeded; that Ratcliff investigated what he believed to be a case of shoplifting upon probable cause in a reasonable manner, and therefore under the laws of Mississippi such an investigation was privileged and no action was maintainable thereon. The statute relied upon is Mississippi Code Annotated section 2374-04 (Supp. 1964), which reads as follows:
If any person shall commit or attempt to commit the offense of shoplifting, as defined herein, or if any person shall willfully conceal upon his person or otherwise any unpurchased goods, wares or merchandise held or owned by any store or mercantile establishment, the merchant or any employee thereof or any peace or police officer, acting in good faith and upon probable cause based upon reasonable grounds therefor, may question such person, in a reasonable manner for the purpose of ascertaining whether or not such person is guilty of shoplifting as defined herein. Such questioning of a person by a merchant, merchant's employee or peace or police officer shall not render such merchant, merchant's employee or peace or police officer civilly liable for slander, false *840 arrest, false imprisonment, malicious prosecution, unlawful detention or otherwise in any case where such merchant, merchant's employee, or peace or police officer acts in good faith and upon reasonable grounds to believe that the person questioned is committing or attempting to commit the crime of shoplifting as defined in this act.
Both appellants and appellee rely on the case of J.C. Penney Company v. Cox, 246 Miss. 1, 148 So.2d 679 (1963), the first case decided following the passage of the above quoted statute. The Court in discussing the historical background of the law of libel and slander observed that "a person who publishes words which would otherwise be defamatory may be excused from liability because of privilege." (246 Miss. at 7, 148 So.2d at 682.) The Court said also that one relying on the protection of a conditional or qualified privilege must be careful not to exceed or abuse such privilege.
In the J.C. Penney Company case there was no testimony that the accused shopper was seen taking anything. The only testimony was that it was suspected the shopper had possibly taken something.
There the assistant manager came up and caught the shopper by the arm and demanded that she pay him for the article she had in a paper bag and in her purse. He demanded that she open her purse and the bag and display everything on the steps inside the store, in view of sales people and customers. When the manager was satisfied that the shopper did not have what he was looking for, he admitted that he had made a mistake.
In deciding that the J.C. Penney Company through its manager exceeded the privilege, the Court said that the investigation was not justified or based upon probable cause, and that the method used in investigating was unreasonable.
Appellants argue that Ratcliff had observed Mrs. Garner and believed by her actions that she was committing an act of shoplifting; that her actions gave him probable cause to investigate, and that he acted in good faith and upon an occasion of privilege in carrying out his duties to protect his employer's property.
Although the occasion was one of qualified privilege, the privilege was lost by the manner in which it was exercised. Mrs. Garner testified, and the jury found, that she was wrongfully accused of stealing in a rude and loud voice in the presence of other people outside the place of business. Granting that Ratcliff had reason to believe that Mrs. Garner had put a bar of soap in her purse and left the store without paying for it, and that he had probable cause to make inquiry, still he was careless and negligent in his method of ascertaining whether Mrs. Garner had paid for the soap.
Had Ratcliff asked the cashier if Mrs. Garner had paid for a bar of soap, he would have ascertained that she had. Instead, he asked if she had paid for a bar of Lowilla soap. Then, instead of making inquiry in a reasonable manner, he accused Mrs. Garner of stealing a bar of soap. When he did so he exceeded the qualified privilege. In order for a communication to be privileged the person making it must be careful to go no further than his interest or duties require. Sumner Stores v. Little, 187 Miss. 310, 192 So. 857 (1939).
Whether privilege is available as a defense may depend on the manner in which the communication is made. The protection of a qualified privilege may be lost by the manner of its exercise, although belief in the truth of the charge exists. McCrory Corp. v. Istre, 252 Miss. 679, 173 So.2d 640 (1965); Montgomery Ward & Co. v. Skinner, 200 Miss. 44, 25 So.2d 572 (1946).
Appellants urge that although the jury found that Ratcliff made the slanderous statements, the proof does not show a sufficient publication of the statements. This argument is based on the fact that none of the people who were nearby and heard the statements testified in this case.
*841 To accuse one of stealing is actionable per se, and no testimony is required to show the meaning of the words. We stated in Montgomery Ward & Company v. Skinner, supra, that:
(I)n several of the recent decisions of this Court involving actions of slander, it has not been deemed requisite to introduce the customers in a store, or bystanders in the place of business, to testify as to their understanding of the meaning of the words complained of. It has only been necessary to prove that such persons, or some of them, heard the charges, or that the facts and circumstances would entitle the jury to believe that they heard and understood the same. (Emphasis added.)
The evidence in this case is sufficient to support a finding by the jury that there was publication.
We are of the opinion that the trial court properly denied appellants the requested peremptory instruction. It is well settled that every fact which the evidence establishes directly or by reasonable inference must be considered as proved against the party asking for a peremptory instruction. Montgomery Ward & Co. v. Skinner, supra; Stricklin v. Harvey, 181 Miss. 606, 179 So. 345 (1938).

II.
Appellants argue next that the lower court committed reversible error in refusing to grant the following instruction:
The court instructs the jury for the defendants that the defendant Ratcliff acted upon an occasion of privilege and was acting upon probable cause to prompt his investigation to protect his co-defendant's merchandise.
Appellants contend that it is the duty of the court to determine as a matter of law whether a privilege existed and whether the appellant had probable cause on which to base its investigation. The lower court did not decide these issues, but left it to the jury to determine whether probable cause existed.
Probable cause is a mixed question of law and fact.
In general, if the evidence is uncontroverted, the question of reasonable or probable cause * * * is one of law for the court. If the evidence conflicts, the question of probable cause is a mixed question of law and fact; in that case, the question of the existence of the circumstances relied on as establishing probable cause is one of fact for the jury, under proper instructions from the court, while the question whether the existence of such circumstances would amount to probable cause is a question of law for the court. 35 C.J.S. False Imprisonment § 59 (1960). See Howell v. Viener, 179 Miss. 872, 176 So. 731 (1937).
The requested instruction if granted would have been tantamount to a peremptory instruction. The evidence relative to the question of probable cause was conflicting, and under these circumstances the trial court properly submitted this question to the jury. The question of probable cause is a question of law for determination by the court only when there is no conflict in the evidence. This is what was meant in J.C. Penney Company v. Cox, supra, where it was stated that probable cause was a question of law for determination by the court. The trial court properly refused the foregoing instruction.

III.
In view of the evidence in this case we are of the opinion that when the instructions for both appellee and appellants are read together they correctly announce the law. It was a question of fact as to whether probable cause existed and whether Ratcliff exceeded the qualified privilege. This case is distinguishable from Scott-Burr Stores Corporation v. Edgar, 181 Miss. 486, 177 So. 766 (1938), because there probable *842 cause existed and the court found that under the facts of that case there was no publication of the slanderous words, although there was an unlawful detention.
The jury by its verdict in the case before us found that Ratcliff exceeded the privilege and thus malice could be inferred from the words spoken, which are actionable per se.
The jury could have found, and no doubt did, that the action of Ratcliff in failing to make a sufficient inquiry as to whether Mrs. Garner had paid for a bar of soap and then falsely accusing her of being a thief, exhibited that he was in a frame of mind indicating he did not care whether the words spoken were true or not. Malice in fact relates to the state or condition of mind of a person who speaks defamatory words. It includes an intention to injure, hatred, or ill will, but it is not limited thereto, and it appears if the words are spoken recklessly without knowing or caring whether they are true. Kroger Grocery and Baking Co. v. Harpole, 175 Miss. 227, 166 So. 355 (1939).

IV.
Appellants urge that the verdict of the jury in this case is so large as to evidence bias, passion and prejudice on the part of the jury. While the verdict of the jury is large, we cannot say that it is so large that it evidences that the jury was prejudiced against the appellants in favor of appellee, who did not reside in that county. The jury having found that Ratcliff exceeded the privilege could infer malice therefrom and inflict punitive damages. Sumner Stores v. Little, supra.
Each case of slander must be settled on its facts and circumstances, and since we find no reversible error, this case is affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, JONES and PATTERSON, JJ., concur.