JONES, Justice:
Appellant, Alma Butler, a minor, by next friend, sued appellee in the Circuit Court of Wayne County, Mississippi, alleging that *129 the manager of the appellee’s store at Waynesboro had unlawfully stopped and searched her purse, without cause to her embarrassment, humiliation, and disgrace. From a verdict in favor of the defendant, she appeals, assigning numerous errors; but we shall refer to only two instructions, which cause us to reverse the case and remand for another trial.
Appellant claimed that she, with a friend, entered the store of defendant and went to the cosmetic counter. There, she looked at some lipstick before walking to another part of the store, where she purchased a belt and some candy. When she went to the cashier’s counter, she put the belt and candy on the counter intending to pay for it. According to her testimony, the manager first accused her of having concealed two tubes of lipstick, and then, he grabbed her arm, opened the purse and searched it; and on finding nothing, let her go.
The defendant, in addition to basing its defense on Section 2374-04, Mississippi Code 1942 Annotated (Supp.1966), claimed that he did not touch the plaintiff. Instead, the manager testified, that when she approached the counter, one of his employees asked her if she wanted to pay for the lipstick. She said no, that she had put it back, and apparently becoming incensed at the question, opened her purse, stuck it in the face of the manager, and said “see” ? That he, thereupon, looked into the purse and examined it, but whatever he did was in response to her invitation.
The defendant also introduced the wife of the manager and a saleslady. The saleslady claimed that she saw the plaintiff, at the cosmetics counter pick up two tubes of lipstick and walk away with them in her hand. Later, when she came from another part of the store, the tubes were not visible. Thereupon, the saleslady told the wife of the manager, and it was subsequently reported to the manager. Under this evidence, the defendant claimed the benefit of the Code section aforesaid, which was enacted as Chapter 268, Laws of 1958, and reads:
If any person shall commit or attempt to commit the offense of shoplifting, as defined herein, or if any person shall willfully conceal upon his person or otherwise any unpurchased goods, wares or merchandise held or owned by any store or mercantile establishment, the merchant or any employee thereof or any peace or police officer, acting in good faith and upon prohable cause based upon reasonable grounds therefor, may question such person, in a reasonable manner for the purpose of ascertaining whether or not such person is guilty of shoplifting as defined herein. Such questioning of a person by a merchant, merchant’s employee or peace or police officer shall not render such merchant, merchant’s employee or peace or police officer civilly liable for slander, false arrest, false imprisonment, maliciou's prosecution, unlawful detention or otherwise in any case where such merchant, merchant’s employee or peace or police officer acts in good faith and upon reasonable grounds to believe that the person questioned is committing or attempting to commit the crime of shoplifting as defined in this act. (emphasis ours).
The evidence was in sharp conflict. The plaintiff and her friend testified on the one side, and the saleslady, the wife of the manager, and the manager testified for the defendant.
Many instructions were requested by plaintiff and refused, a large number of which, stated abstract principles of law, without showing their applicability to the case. The defendant also requested a number of instructions, and obtained one to which the appellant strenuously objects.
We shall not undertake to discuss all the evidence or all the instructions, but simply refer to the statute hereinbefore mentioned, together with the two cases wherein it has been construed by this Court, to-wit: Southwest Drug Stores of Mississippi, Inc. v. Garner, 195 So.2d 837 (Miss.1967) and J. C. Penney Co. v. Cox, 246 Miss. 1, 148 *130 So.2d 679 (1963). These two cases give a complete interpretation to this statute.
One of the errors, assigned by appellant, is that the trial court refused its requested instruction telling the jury that the burden of proof was upon the defendant to show that its acts were justified under the aforesaid statute. This instruction was refused by the court when it should have been given, as a reading of the two cases above cited will show.
The appellant also vigorously objects to instruction number four which was given the defendant. This is a long instruction, a portion of which reads as follows:
* * * if you believe, from a preponderance of the evidence in this case, that either Mrs. Douglass or Mrs. Culpepper, or both of them, saw the Plaintiff remove two sticks of lipstick from the display counter in Defendant’s Store and move away from said display counter with said lipstick in her possession and was later observed by said Clerks, or one of them, without said lipstick being visibly in her possession and that the acts of the Plaintiff while in and about said store were such as would tend to arouse the suspicion of a reasonable person under the same or similar circumstances, that the Plaintiff was concealing said lipstick for the purpose of converting same to her own use without making payment therefore (sic), and if you further believe that Mrs. Douglass or Mrs. Culpepper, or both of them, reported to the Manager Culpepper what they had seen and observed in reference to the acts of the Plaintiff, as testified to, and that Mr. Culpepper, as a reasonably prudent person, reasonably believed what Mrs. Douglass or Mrs. Cul-pepper reported to him, then the Court instructs you that there was probable cause, based upon reasonable grounds for the Manager, Mr. Culpepper, to question the Plaintiff. * * * (emphasis ours).
This instruction bases probable cause upon suspicion, which is not sufficient, as disclosed by the two cases above mentioned. It takes more than suspicion to create probable cause. J. C. Penney Co. v. Cox, supra.
The instruction further bases probable cause upon whether the manager believed what Mrs. Douglass and Mrs. Culpepper reported to him. This was, as stated, that the lady had left the counter with the lipsticks but when she returned they were not visible. The question is not only whether Mr. Culpepper believed what his clerk said, but the further question is, whether such facts, so reported, were sufficient to create probable cause, and when based upon suspicion, they are not.
As stated, probable cause cannot be based upon suspicion, and the manager must act upon probable cause, of which he is not the final judge, and thus act at his peril.
Where the facts are undisputed, as shown by the two cases hereinbefore cited, the question of probable cause is for the court. But, where the facts are disputed, the question or probable cause is for the jury.
Because of these errors, we are reversing and remanding this case for another trial. We think that the two cases above mentioned, together with the statute, give ample guidance for the conduct of another trial. As to the instructions, other than the two hereinbefore mentioned about which complaint is here made, we are unable to say that they contain any reversible error although some of them probably would be subject to improvement.
Reversed and remanded.
GILLESPIE, P. J., and PATTERSON, INZER and ROBERTSON, JJ„ concur.