**REVISED**

United States Court of Appeals,

Fifth Circuit.

No. 96-60598

Summary Calendar.

Michael Stuart DAWKINS, Plaintiff-Appellant,

v.

SEARS ROEBUCK AND COMPANY, Defendant-Appellee.

April 8, 1997.

Appeal from the United States District Court for the Southern District of Mississippi.

Before SMITH, DUHÉ and BARKSDALE, Circuit Judges.

PER CURIAM:

This appeal arises from a dispute regarding a Sears Roebuck and Company ("Sears") charge account in the name of the Appellant, Michael Stuart Dawkins ("Dawkins"), and actions taken by Sears when that account was in default. The district court dismissed all of Dawkins's claims by summary judgment. We affirm.

BACKGROUND

Sears sent Dawkins billing statements on the account for charges allegedly incurred by Dawkins's now ex-wife Jacquelinn Hawkins ("Hawkins"). Dawkins asserts that he is not liable for these charges, contending that Hawkins added Dawkins's name to her preexisting Sears charge account while the couple was married. Dawkins maintains that he was unaware that his name had been added to the charge account, that he did not make the disputed charges,

1

and that he first became aware of the account in the summer of 1991—after the couple had separated—when he received a billing statement from Sears.

Upon receiving this statement, Dawkins contacted an attorney who wrote to Sears, requesting verification of the debt. Sears eventually conducted an internal investigation of Dawkins's claim and decided not to absolve Dawkins from liability. Sears wrote the account off as an uncollectible debt, and in early 1992, informed a credit bureau that the account was delinquent. In late 1993 and early 1994, Dawkins was denied credit on various occasions. Thereafter, he sent a written request to Equifax, a credit bureau, requesting that they determine whether Sears had correctly reported Dawkins's credit information. Equifax contacted Sears, which confirmed the credit report that it had previously sent Equifax.

On May 19, 1995, Dawkins sued in Mississippi state court, alleging violations of state and federal law. Sears removed the case to federal court, and Dawkins amended his complaint to allege violations of the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.,* defamation, and intentional infliction of emotional distress. The district court granted Sears's motion for summary judgment. Dawkins appeals.

STANDARD OF REVIEW

We apply the same standard of review as did the district court. *Cockerham v. Kerr-McGee Chemical Corp.,* 23 F.3d 101, 104 (5th Cir.1994). Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact

2

and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The pleadings, depositions, admissions, and answers to interrogatories, together with the affidavits, must demonstrate that no genuine issue of material fact remains. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

ANALYSIS

I. THE TRUTH-IN-LENDING ACT

The district court held, *inter alia,* that Dawkins's Truth-in-Lending Act claims were barred by the one-year statute of limitations. *See* 15 U.S.C. § 1640(e). On appeal, Dawkins contends that limitations was tolled because Sears has been in continuous violation of the Truth-in-Lending Act. Specifically, Dawkins maintains that Sears continues to run afoul of § 1666(a) of the Act, which details procedures that a creditor such as Sears must follow to resolve alleged billing errors. Dawkins's assertion, however, is not persuasive because Sears is not, and has never been, in violation of 15 U.S.C. § 1666(a).

To trigger a creditor's obligation to investigate and verify the disputed billing statement, a consumer must send written notice to a creditor of the alleged error. 15 U.S.C. § 1666(a). This notice must be received by the creditor within 60 days of the creditor's transmission of the statement containing the alleged error. *See* 15 U.S.C. § 1666(a). Further, the applicable regulation (known as "Regulation Z") specifies that the 60-day period begins to run "after the creditor [has] transmitted the

3

*first* periodic statement that reflects the alleged billing error." 12 C.F.R. § 226.13(b)(1) (emphasis added); *see also Pinner v. Schmidt,* 805 F.2d 1258, 1264 (5th Cir.1986) (holding that the 60-day notice period begins to run "when a disputed statement is first received"), *cert. denied,* 483 U.S. 1022, 1032, 107 S.Ct. 3267, 3276, 97 L.Ed.2d 766, 780 (1987). Upon the timely receipt of the consumer's written notice, the creditor must investigate and verify the disputed statement pursuant to 15 U.S.C. § 1666(a). *See American Express Co. v. Koerner,* 452 U.S. 233, 236, 101 S.Ct. 2281, 2283-84, 68 L.Ed.2d 803 (1981). Dawkins contends that Sears has been in continuous violation of § 1666(a) because it has not taken the appropriate action set forth in that section.

Dawkins's contention is not persuasive, however, because he did not provide Sears notice within the 60-day period; he received the first statement containing the alleged error on August 17, 1991, and he responded on November 13, 1991. Therefore, Dawkins failed to trigger Sears's obligations under § 1666, and Sears cannot be held liable for violations of that section.[1] Because

---

[1] Dawkins contends on appeal that he complied with the Act's 60-day period because he sent a *second* letter to Sears, dated December 31, 1991, which was received by Sears within 60 days of Dawkins's receipt of a *second* statement sent by Sears, dated December 5, 1991, containing the alleged billing error. Dawkins asserts that the Act itself does not require, on its face, that the creditor receive notice within 60 days of sending the *first* statement containing the alleged error. He concedes, however, that § 226.13(b)(1) of Regulation Z does specify that the *first* statement containing the alleged error is the triggering event. Dawkins nevertheless argues that this Court should disregard Regulation Z, which was promulgated by the Federal Reserve Board, because it is "demonstrably irrational." *See Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 565, 100 S.Ct. 790, 796-97, 63 L.Ed.2d 22 (1980) ("Unless demonstrably irrational, Federal Reverse Board

4

Sears is not, and has never been in violation of § 1666, the statute of limitation was not tolled.

The statute of limitations on Dawkins's Truth-in-Lending Act claims[2] began to run sometime in late 1991 when Dawkins first learned of Sears's actions and when he initially hired an attorney. Because Dawkins did not file his complaint until May 19, 1995, the statute of limitations has long since run.

## II. DEFAMATION

Dawkins alleges that the district court erred in dismissing his defamation claim. The first two elements of a defamation claim in Mississippi are:  "(1) a false and defamatory statement concerning the plaintiff;  (2) an unprivileged publication to a third party." *Blake v. Gannett Co., Inc.,* 529 So.2d 595, 602 (Miss.1988).  A statement is qualifiedly privileged if it is

> made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a duty, if made to a person having a corresponding interest or duty, even though it contains a matter which, without the privilege, would be actionable.

*Burris v. South Cent. Bell Tel. Co.,* 540 F.Supp. 905, 910 (S.D.Miss.1982) (applying Mississippi law); *accord J.C. Penney Co. v. Cox,* 246 Miss. 1, 148 So.2d 679, 682 (1963).  No evidence suggests that Sears acted in bad faith, and Sears's statements to Equifax fit the above definition of qualified privilege.  As such,

---

staff opinions construing [the Truth-in-Lending Act] or Regulation should be dispositive...."). Because we reject Dawkins's contention that § 226.13(b)(1) of Regulation Z is "demonstrably irrational," we conclude that Dawkins failed to trigger Sears's duties under § 1666.

[2]Dawkins has alleged more than one violation of the Act.

Dawkins has failed to prove the second element of defamation, and his claim must therefore fail.

III. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Finally, Dawkins alleges that he is entitled to recovery for intentional infliction of emotional distress because Sears "spitefully" continues to report to the credit reporting agencies that Dawkins has a delinquent account. Although the district court, in its Memorandum Opinion, did not provide reasons for dismissing Dawkins's intentional infliction of emotional distress claim, the court's Final Judgment makes it clear that the court granted Sears's summary judgment motion in its entirety, thus necessarily encompassing the intentional infliction of emotional distress claim.

To recover for intentional infliction of emotional distress, a plaintiff must prove that the defendant's conduct was "wanton or willful and that it would evoke outrage or revulsion." *Peoples Bank and Trust Co. v. Cermack,* 658 So.2d 1352, 1365 (Miss.1995) (emphasis omitted). Dawkins presents no evidence to create an issue of fact that Sears acted "spitefully" or even unreasonably in light of the facts of the instant case, and it cannot be said that Sears's conduct evokes outrage or revulsion. Thus, his claim for intentional infliction of emotional distress must also fail.

CONCLUSION

For the above reasons, the district court's order granting summary judgment in favor of Sears is AFFIRMED.