Kell S. LYON, Jr., Plaintiff,

v.

FRED'S, INC. d/b/a Fred's, Defendant.

No. 2:96CV141–B–B.

United States District Court,
N.D. Mississippi,
Delta Division.

July 15, 1997.

Lindsey C. Meador, Meador & Crump, Cleveland, MS, for plaintiff.

John B. Gillis, Luckett Law Firm, Clarksdale, MS, for defendant.

### MEMORANDUM OPINION

BIGGERS, District Judge.

This cause comes before the court on the defendant's motion for summary judgment. The court has duly considered the parties' memoranda and exhibits and is ready to rule.

### I. Introduction

This cause arises out of an incident in the defendant's store in Cleveland, Mississippi resulting in the plaintiff's arrest and acquittal on a shoplifting charge. The plaintiff initially alleged false imprisonment, false arrest, slander and intentional infliction of emotional distress and amended the complaint to add the tort claim of malicious prosecution.[1] In

---

1. The plaintiff filed amended complaints on October 2, 1996, March 5, 1997 and May 21, 1997. The pleadings filed on October 2, 1996 and March 5, 1997 are styled "First Amended Complaint" and the pleading filed on May 21, 1997 is styled "Corrected First Amended Complaint."

The October 2, 1996 pleading was filed with leave of court to correct the defendant's name. On September 30, 1996 the court dismissed the original defendant with prejudice and granted the plaintiff's motion to amend, with the amend-

response to the instant motion, the plaintiff has expressly abandoned all claims, except the malicious prosecution claim.

## II. Timeliness

With respect to the malicious prosecution claim, the defendant moves for summary judgment on the ground of untimeliness. The defendant contends that the claim is barred under the applicable statute of limitations and the court-ordered deadlines for amendments.[2] The statutory limitations period expired on July 4, 1996. Miss.Code Ann. § 15–1–35 (requiring commencement of actions for certain intentional torts, including malicious arrest, within one year after the cause of action accrues). The malicious prosecution claim was first alleged in the pleading filed on May 21, 1997 styled "Corrected First Amended Complaint."[3] The court finds that under the express terms of Rule 15(c)(2)[4] the malicious prosecution allegation relates back to the original filing date of July 3, 1996 and is therefore not barred by the statute of limitations.[5]

With respect to court-ordered deadlines, the court finds that the February 4, 1997 deadline set in the United States Magistrate Judge's November 14, 1996 Case Management Plan and Scheduling Order is irrelevant. On February 6, 1997 the plaintiff moved to amend the complaint to add the malicious prosecution claim. On February 26, 1997 the magistrate judge granted the plaintiff ten days to file an amended complaint, thereby extending the February 4 deadline. On March 5, 1997 the plaintiff filed the second[6] "First Amended Complaint" but failed to incorporate the requested amendment therein. The instant motion was filed on May 9, 1997, at which time the defendant addressed the merits of the mali-

cious prosecution claim and on May 21, 1997 the plaintiff filed the "Corrected First Amended Complaint"[7] alleging malicious prosecution. The plaintiff asserts that the omission of the malicious prosecution claim in the pleading filed on March 5, 1997 was a clerical error. It is clear to the court that the omission was inadvertent since the pleading filed on March 5, 1997 contains no amendments to the previously filed "First Amended Complaint." Since the amended complaint filed before the ten-day deadline did not include the malicious prosecution claim, the court finds that, technically, the corrected complaint was filed without leave of court. However, the court finds that the defendant, having been put on notice of the amendment in February, 1997 and having addressed the merits of the anticipated malicious prosecution claim in the instant motion and supporting memoranda, has not been prejudiced by the plaintiff's delay in formally amending the complaint. Accordingly, the malicious prosecution claim should not be precluded, particularly since the plaintiff has abandoned all other tort claims arising out of the same incident.

## III. Qualified Privilege

The defendant contends that it has statutory immunity from liability for malicious prosecution. Miss.Code Ann. § 97–23–95 provides in pertinent part:

> If any person shall commit or attempt to commit the offense of shoplifting, or if any person shall wilfully conceal upon his person or otherwise any unpurchased goods, ... the merchant or any employee thereof ... acting in good faith and upon probable cause based upon reasonable grounds therefor, may **question** such person in a

ment relating back to the original filing date of July 3, 1996.

2. The defendant cites no case authority in support of these contentions.

3. *See* footnote 1, supra.

4. Rule 15(c)(2) provides:
   An amendment of a pleading relates back to the date of the original pleading when
   (2) the claim or defense asserted in the amended pleading arose out of the conduct,

transaction, or occurrence set forth or attempted to be set forth in the original pleading

5. Technically, the malicious prosecution claim relates back to the October 2, 1996 amended complaint which relates back to the original filing. *See* footnote 1, *supra*.

6. *See* footnote 1, *supra*.

7. *See* footnote 1, *supra*.

reasonable manner for the purpose of ascertaining whether or not such person is guilty of shoplifting as defined herein. Such **questioning** of a person by a merchant, merchant's employee ... shall not render such merchant, merchant's employee ... civilly liable for slander, false arrest, false imprisonment, malicious prosecution, unlawful detention or otherwise in any case where such merchant, merchant's employee ... acts in good faith and upon reasonable grounds to believe that the person **questioned** is committing or attempting to commit the crime of shoplifting.

(Emphasis added.) Citing no case authority, the defendant asserts that the Mississippi legislature has extended section 97–23–95 immunity to claims for malicious prosecution, thereby contemplating that a patron suspected of shoplifting might be arrested, prosecuted and acquitted. The plaintiff asserts that the statute does not provide immunity from wrongfully initiating the prosecution of a suspected shoplifter. Under the express terms of the statute, the available immunity is qualified in that the defendant's actions must be based on good faith and probable cause, i.e., "reasonable grounds to believe that the person questioned is committing or attempting to commit the crime of shoplifting." Construing the scope of the immunity, the Mississippi Supreme Court has held:

A careful reading of [former section 97–23–51 (1972) ][8] ... reveals that the protection afforded under the statute is the questioning of a suspect in a reasonable manner for the purpose of ascertaining whether or not he is guilty of shoplifting. It is the stopping, detaining momentarily, and questioning which enjoys the statutory privilege, not the subsequent institution of criminal proceedings.

*Owens v. The Kroger Co.*, 430 So.2d 843 (Miss.1983) (affirming dismissal of only the claims for slander and false imprisonment

"as to what transpired in the store," the court found no qualified privilege to institute criminal charge for shoplifting). The court has explained:

Section 97–23–51 (1972) ... was a legislative enactment for the protection of retail stores from shoplifting and to give the store personnel an opportunity to make certain actions in investigating alleged shoplifting under certain guidelines.

*McWilliams v. Watkins,* 430 So.2d 854, 856 (Miss.1983). The court concludes that questioning for the purpose of ascertaining whether a person shoplifted is the only privileged activity under the express terms of the statute.[9] Any questioning, if conducted in good faith and upon probable cause, would not render the defendant liable for malicious prosecution. However, any other actions by the defendant, including the insistence of the plaintiff's arrest and the filing of an affidavit, do not fall within the scope of qualified immunity. Therefore, the court finds that the defendant's immunity argument is misplaced.

## IV.   Objections to Affidavit Testimony

■ The defendant requests that the affidavits submitted by the plaintiff in opposition to the instant motion be stricken on the grounds that (1) the plaintiff failed to designate any expert witnesses pursuant to the Case Management Plan and Scheduling Order and (2) the plaintiff failed to provide written reports signed by each expert witness in accordance with the Uniform Plan.[10] The court finds that the affidavits of S.D. Austin, the plaintiff's physician, and Paul M. Belenchia, Jr., the plaintiff's pharmacist, contain expert opinion testimony within the purview of Rule 702 of the Federal Rules of Evidence and should be stricken for the reasons asserted by the defendant. The affidavit of Marvin Strotter, the police officer who arrested the plaintiff, primarily consists of his observations of the plaintiff and the plaintiff's statements to him. The only assertion

---

**8.** § 97–23–51, like the current statute, included immunity from liability for malicious prosecution. An even earlier version contained the same pertinent statutory language. *See e.g., Butler v. W.E. Walker Stores, Inc.,* 222 So.2d 128, 129 (Miss.1969); *J.C. Penney Co. v. Cox,* 246 Miss. 1, 148 So.2d 679, 681 (1963).

**9.** In order to be privileged, such questioning must be conducted in good faith and upon probable cause.

**10.** The plaintiff did not respond to the defendant's objections raised in the defendant's reply memorandum.

in Officer Strotter's affidavit which arguably constitutes an expert opinion based on his police training and experience is as follows: "Mr. Lyon did not present the profile of a typical shoplifter." Accordingly, the court finds that this statement should be stricken and the remainder of Officer Strotter's affidavit is properly before the court.

## V. Malicious Prosecution Claim

■ The defendant moves for summary judgment on the merits of the malicious prosecution claim. Upon due consideration of the exhibits, the court finds that there are genuine issues of material fact, including but not limited to whether or not the defendant adequately investigated the alleged shoplifting incident with respect to the requisite intent.[11] Therefore, the instant motion should be denied.

11. *See* Miss.Code Ann. § 97–23–93.