*96 OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, affirmed without costs and, upon searching the record, summary judgment dismissing the counterclaim granted.
Plaintiff commenced this action to recover the balance due on a credit card account and asserted a cause of action for an account stated. Defendant interposed a counterclaim alleging that plaintiff violated the Fair Credit Billing Act and seeking damages in the sum of $250,000. Plaintiff moved for summary judgment, and defendant cross-moved for summary judgment on the counterclaim.
In support of the cross motion, defendant alleged that plaintiff failed to reply to three billing error notices she sent plaintiff, claiming that she disputed monthly account statements dated October 6, 2004, November 6, 2004, December 6, 2004 and January 6, 2005. Defendant’s notices set forth what defendant claims to be errors, as such are defined under 15 USC § 1666 (b) (1), (2) and (5), based “upon [her] belief that [plaintiff] failed to give all the proper disclosures required by law to [her] prior to opening this account, and additional disclosures since then.” Defendant’s notices further alleged that she did not believe that she should have been charged finance charges or fees for the “history” of the account and, therefore, she disputed the accuracy of the aforementioned monthly account statements with respect to the balances, finance charges and the minimum payments allegedly due as indicated therein. Defendant’s notices also sought to obtain documentation showing all disclosures required by law to be given to her prior to opening the account and after the account was opened. By order entered October 2, 2006, insofar as appealed from, the court below denied defendant’s cross motion for summary judgment.
The billing error notices allegedly sent by defendant were untimely since more than 60 days elapsed from the date the first periodic statement reflecting the alleged errors was transmitted to defendant at the time the account was opened (see 15 USC § 1666 [a]; 12 CFR 226.13 [b] [1]). Contrary to defendant’s contention, the time did not begin to run from the date defendant received the particular disputed billing statements dated October 6, 2004, November 6, 2004, December 6, 2004 and January 6, 2005. We note that a creditor cannot be deemed to be in continuous violation of the Fair Credit Billing *97 Act (see Dawkins v Sears Roebuck & Co., 109 F3d 241 [5th Cir 1997]; Cunningham v Bank One, 487 F Supp 2d 1189, 1193-1194 [WD Wash 2007]; Citibank [South Dakota] N.A. v Griffing, 2006 WL 2130414 *2, 2006 Conn Super LEXIS 2139 *5 [July 17, 2006]). Consequently, plaintiffs obligations under the statute were never triggered and, therefore, we need not reach the issue of whether the billing error notices contained errors as defined under 15 USC § 1666.
In light of the determination that the notices sent to plaintiff failed to qualify as billing error notices under 15 USC § 1666 (b), it is appropriate for this court to search the record and grant summary judgment dismissing the counterclaim (see Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106 [1984]).
Rudolph, EJ., McCabe and Tanenbaum, JJ, concur.